NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LEONARD COLLAZO, PETITIONER, v. SETON LEATHER CO.,
RESPONDENT.

Decided July 3, 1940.

For the petitioner, *Samuel Lewin.*

For the respondent, *John W. Taylor.*

\*       \*       \*       \*       \*       \*       \*

The petitioner testified in his own behalf that he was employed by the respondent company in 1931 and worked for the respondent up to and including February 12th, 1939, as a fireman. He stated that his duties as a fireman were performed in a boiler room which was disconnected from the main building of the plant and that his duties consisted of firing two boilers contained therein and in addition to these duties he, from time to time, had to enter the main plant building and check the temperature in the various rooms of the plant. The temperature in these rooms greatly varied. According to the petitioner, whenever it rained, considerable rain water would enter the boiler room, because of the slope of the ground surrounding the boiler room, and that on each of these occasions, which were most frequent, his feet would become wet, indicating that he became wet almost up to the knees. It was his judgment that this rain water would accumulate to the extent of two to three feet in height immediately in front of the boilers at which he worked. He stated

that on the night of February 11th, 1939, he came to work at ten P. M., and that around midnight there was a severe rain storm which resulted in water accumulating in front of the bioler to the height of three feet. His feet became wet up to a point just below the knees and he stated that shortly thereafter he felt sick. He continued to work until six A. M. the following morning, when he was relieved at his regular quitting time by the day man. He took the bus home and as he left the bus, he started to spit blood. He went to bed that day and continued to expectorate considerable quantities of blood. On February 14th, 1939, he went to the office of Dr. James M. Fine, a lung specialist. He was subsequently sent to the Newark City Hospital where he remained for five weeks under the care of Dr. Fine. Upon his discharge from the Newark City Hospital he then went to the Newark City Dispensary where he continued under the treatment of Dr. Fine for a number of months. He further stated that he has not worked since February, 1939, with the exception of a few days in November, 1939, when he worked as a fireman. At the present time, he feels fairly well except that he complains of shortness of breath and pain in his right side.

Under cross-examination, the petitioner admitted that he lost no time from work from 1931 up to February 12th, 1939, with the exception of a week in March, 1936. In March, 1936, he stated that he suffered from a severe cold and on this occasion, he was also treated by Dr. Fine. In other words, although according to the petitioner he worked subject to great variations in temperatures, and in the boiler room which was always damp and the floor of which was frequently covered with water, he suffered from no illness and lost no time from work from 1931 up to 1939 with the exception of one week in March, 1936.

Dr. Fine, who is well known as a specialist in diseases of the lungs, testified on behalf of the petitioner that he first treated Mr. Collazo on March 28th, 1936, at which time the petitioner was suffering from an acute cold and lost approximately one week from his work. Dr. Fine suspected tuberculosis at this time and X-rays taken by Dr. Pomerantz on

March 28th, 1936, showed an obstruction of the bronchi at the base of the right lung. It might also be said that at this time Mr. Collazo was expectorating blood. The petitioner next came to Dr. Fine for treatment on February 12th, 1939, complaining of having been taken sick about a week or so prior. He was coughing and expectorating blood. Dr. Fine referred Mr. Collazo to the Newark City Hospital where he was confined for a period of five weeks, under the doctor's care. After his discharge from the Newark City Hospital, he was referred to the Newark City Dispensary and treated by Dr. Fine at that institution up until November 3d, 1939. Dr. Fine's treatment consisted of collapsing the right lung. A series of some twelve X-rays were taken during this course of treatment. Briefly these X-rays taken in 1939 showed an obstruction of the bronchi at the base of the right lung similar to the one that existed in March, 1936, although somewhat larger in size. Mr. Collazo was discharged by Dr. Fine on November 3d, 1939, as well enough to work. It was Dr. Fine's opinion that the petitioner never had tuberculosis, but may have been suffering from acute pneumonia or bronchitis.

On cross-examination, Dr. Fine stated that he had never received a history from the petitioner, although he had inquired of the petitioner for a complete history on several occasions, which indicated that petitioner had been exposed to great variations in temperature or to dampness. The only history given by the petitioner to Dr. Fine was that he attributed his cold to working with coal dust. In answer to a question incorporating all of the facts surrounding the petitioner's working conditions, Dr. Fine stated that it was his opinion that the petitioner's employment in no way contributed to the petitioner's illness, and further stated that at the time of Mr. Collazo's discharge from treatment on November 3, 1939, the petitioner had no existing disability.

Dr. Irving Applebaum testified on behalf of the petitioner and stated that he had treated him for some period of time after his discharge by Dr. Fine. He was also asked to read the X-ray films taken during the course of Dr. Fine's treat-

ment and his interpretation of them was in substance the same as that related by Dr. Fine with one exception. He stated that in his opinion the X-ray film of March 28th, 1936, did not indicate any obstruction of bronchi at the base of the right lung. It was Dr. Applebaum's opinion that the petitioner had contracted pneumonia a matter of a week or two prior to February 12th, 1939, and that this disease was due to Mr. Collazo's exposure to dampness and the varying temperatures, although he admitted that it was most unusual for a man who had been suffering from a similar episode in March, 1936, to work for a period of three years subject to the conditions disclosed by Mr. Collazo without having another episode until February 12th, 1939. Dr. Applebaum estimated the petitioner to have an existing permanent disability of fifteen per cent. of total due to the episode of February 12th, 1939.

This concluded the testimony offered on behalf of the petitioner at which time the respondent's attorney moved for a dismissal of the petition on the ground that petitioner had failed to prove an accident arising out of and in the course of his employment by the respondent company.

I have carefully considered the testimony of the petitioner and both doctors. The doctors directly contradict one another. This being so, it necessarily follows that the petitioner has failed to meet the burden cast upon him by law of establishing his cause of action by a fair preponderance of the evidence. The contradictory opinions expressed by the petitioner's experts nullify each other. I am further impressed by the fact that Dr. Fine was unable to elicit from the petitioner a history which in any way indicated that the petitioner's condition was attributable to the conditions which the petitioner has described, and that Dr. Fine treated this petitioner without charge at the Newark City Hospital and at the Newark City Dispensary. Dr. Fine has stated that assuming the petitioner's working conditions to have been as described by the petitioner, that such working conditions in no way contributed to the petitioner's illness. Dr. Fine was the petitioner's witness and the petitioner is bound by

this testimony. If the conditions under which Mr. Collazo worked were as he described, having in mind the episode of March, 1936, it is most peculiar that he was able to work subject to such conditions for approximately three years without a recurrence. As Dr. Applebaum said, he would not recommend that a well and healthy man work under such conditions. How then was a man obviously of low resistence, as Mr. Collazo was, able to continue his employment without a recurrence of the lung condition which he has been suffering from as far back as March, 1936.

Concluding as I must that the petitioner has failed to sustain the burden of proof cast upon him by law and that his employment in no way contributed to his present condition, it is hereby ordered that the petition be and is hereby dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*